**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**REBECCA ANN COOK,**

Petitioner,

v.

**JUDGE RHONDA LYNN BEST,**

Respondent.

CASE NO. 3:26 CV 1624

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Petitioner Rebecca Ann Cook filed this Petition for a Writ of Habeas Corpus (Doc. 1) and a Supplemental Petition (Doc. 7) under 28 U.S.C. § 2241. She also filed an application to proceed *in forma pauperis*. (Doc. 5). The Court grants that application, but for the reasons set forth below, denies and dismisses the Petition.

## BACKGROUND

Petitioner's Petition contains very few facts. It appears, however, Petitioner was arrested on May 28, 2026, and charged in Findlay Municipal Court, Case No. 26CRB00448, with obstructing official business. *See* Doc. 1, at 2. Petitioner claims she did not commit the offense, the charge arose because of an outstanding warrant from another court, she was injured during the arrest, her motions filed in the state court proceedings are being disregarded, and she is being threatened with incarceration. *Id.* at 3-4. Petitioner alleges "continued proceedings resulting in incarceration before meaningful review" would violate Due Process; the circumstances surrounding her seizure and detention violated her Fourth Amendment rights; incarceration would

substantially interfere with her ability to litigate her pending federal civil rights action; and incarceration would interfere with her ability to defend against the criminal allegations, in violation of her Sixth Amendment rights. *Id.* at 4-5. And in a conclusory fashion, she alleges that her "federally protected constitutional rights have been ignored, denied, or inadequately protected during the state proceedings." (Doc. 7, at 5). Cook then lists purported claims she wishes to "preserve:" due process, a meaningful opportunity to be heard, fundamental fairness, access to the courts, judicial impartiality, lawful governmental authority, and "[a]ll additional federal constitutional claims contained in her original Petition." *Id.*

For relief, Petitioner requests expedited review of her Petition, an order requiring Respondent to answer the Petition, a review of the "threatened deprivation of Petitioner's liberty," and "appropriate emergency relief." (Doc. 1, at 6).

## Standard of Review

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). Because Petitioner appears *pro se*, the allegations in her petition must be construed in her favor, and her pleadings are held to "a less stringent standard" than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But a court must summarily dismiss a petition "if it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response from the respondent is necessary when a petition is "frivolous[,] obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without consideration" of a response. *Allen*, 424 F.2d at 141.

## DISCUSSION

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Nonetheless, federal courts should abstain from the exercise of its jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other procedures available to the petitioner. *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042-44 (S.D. Ohio 2011). Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, which is "a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Atkins*, 644 F.2d at 546. And the rule of abstention in conjunction with the requirement of exhaustion of state court remedies provide the state courts the "opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *Younger v. Harris*, 401 U.S. 37, 44 (1971) (a federal court should not interfere in pending state criminal proceedings absent a threat of an "irreparable injury" that is "both great and immediate."); *see also Smith v. Hall*, 2013 WL 587479, at *3 (M.D. Tenn.) ("Courts have generally recognized that *Younger* applies to applications for the writ of habeas corpus.") (collecting cases).

Federal courts therefore typically reject pretrial petitions for habeas relief under *Younger* abstention, with the following exceptions: (1) when a petitioner seeks a speedy trial, *Atkins*, 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). *Folley v. Banks*, 2020 WL 9813535, at *2 (6th Cir.). Regarding speedy trial claims, federal courts draw a distinction between "a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987).

Here, Petitioner does not raise claims of speedy trial, double jeopardy, or ineffective assistance of counsel and due process violations on retrial. Rather, Petitioner alleges, in a conclusory fashion, deprivation of due process rights in her pending state court proceedings, deprivation of her Fourth Amendment rights surrounding her seizure and detention, potential interference with her right to access to courts, and a potential interference with her ability to defend herself, in violation of the Sixth Amendment. *See* Docs. 1, 7. These claims, however, challenge the indictment, arrest, and pretrial proceedings. Petitioner did not bring her Petition to avoid being retried after reversal of a conviction by a state reviewing court or because she faces prejudice on retrial. The Court therefore cannot address these claims in a Section 2241 petition. *See Folley*, 2020 WL 9813535, at *2 (citing *Delk*, 665 F.2d at 93); *see also Turner*, 858 F.2d at 1204.

And even if a claim is available to Petitioner under Section 2241, she must still exhaust her state court remedies before bringing those claims in federal court. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under Section 2241 is not a statutory requirement. *Compare* 28 U.S.C.

§ 2254(b)(1)(A) *with* § 2241. However, the Sixth Circuit has imposed the exhaustion requirement in the context of Section 2241 to accommodate principles of federalism. *Phillips v. Hamilton Cnty. Ct. of Comm. Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012). Pretrial detainees proceeding under Section 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). There is no suggestion in the Petition that Petitioner has exhausted her state court remedies.

Finally, the Court's review of the docket indicates that Cook has since been convicted in Findlay Municipal Court, Case No. 26CRB00448.[1] She is therefore no longer a pretrial detainee and cannot file a Section 2241 petition to challenge her conviction or sentence even after exhaustion. A pretrial detainee is not in custody pursuant to the judgment of a state court; rather, she is in custody pursuant to an indictment, and therefore, she may pursue habeas corpus relief under Section 2241. *See Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013). However, a petitioner who has been tried and convicted, and who therefore is "in custody pursuant to the judgment of a state court," must challenge her conviction or sentence under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 2241 is therefore no longer the proper avenue for Petitioner's purported claims.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

---

1. The Court may take judicial notice of the facts of another court's docket. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004); *Lyons v. Stovall*, 188 F.3d 327 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). The Findlay Municipal Court docket is available at https://xfoien2k.findlayohio.gov/Cases/Search.

ORDERED that Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 5) be, and the same hereby is, GRANTED;

FURTHER ORDERED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 7) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 2243; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026